# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DAVID MURESAN,

          Appellant,

      v.

STATE OF WASHINGTON,
DEPARTMENT OF SOCIAL AND
HEALTH SERVICES,

          Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)

No. 69303-4-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: December 23, 2013

PER CURIAM. David Muresan appeals a decision affirming a final agency order denying his application for a license to operate an adult family home. We affirm.

The history of this matter, as well as the flaw in Muresan's legal arguments, are succinctly summarized in the superior court's "Order on Petition for Judicial Review":

> On September 9, 2009, the Department wrote the Appellant a letter informing him that his application for an [Adult Family Home (AFH)] license had been denied. . . .
>
> . . . In the denial letter, the Department stated that the denial was based on WAC 388-76-10120, subsections (3)(a) and (3)(f), which describe circumstances in which the Department must deny an applicant's AFH license application. In support of its decision the Department cited three previous AFH license revocations and an Adult Protective Services (APS) finding of neglect of a vulnerable adult involving the Appellant.
>
> . . . .
>
> . . . On April 19, 2012, Review Judge Marjorie R. Gray issued a Review Decision and Final Order affirming the Initial Order. On May 9, 2012 . . . the Review Decision and Final Order dated April 19, 2012, became the final administrative order.
>
> . . . .

... The Department is required by regulation to deny an application for a license to operate an AFH when an applicant has a history of significant noncompliance. Such a history of significant noncompliance is defined as including the revocation or suspension of a license for the care of vulnerable adults.

... The Appellant has been found to have neglected a vulnerable adult, and is listed on the APS Abuse Registry. He has had previous licenses for adult family homes revoked. He has had subsequent license applications denied. The Appellant is collaterally estopped from relitigating the previous revocations and license denials, as well as his findings of neglect. The Department's action denying his new application for an adult family home license should be affirmed as a matter of law.

. . . .

... The Review Decision and Order dated April 19, 2012, is affirmed . . . .

On appeal from the superior court's decision, we review the underlying agency decision and sit in the same position as the superior court. Tapper v. Employment Security Department, 122 Wn.2d 397, 402, 858 P.2d 494 (1993). We may grant relief only if Muresan demonstrates that the agency's decision is based on an erroneous interpretation of the law, not supported by substantial evidence, or arbitrary or capricious. RCW 34.05.570(3). Muresan has not established any of these bases for relief.

Instead, his sole assignment of error is an impermissible collateral attack on previous decisions that are now final and beyond the scope of review. As the superior court noted, those final decisions now constitute "a history of significant noncompliance with federal or state laws or regulations in the provision of care or services to . . . vulnerable adults" that disqualify him from operating an adult

2

family home as a matter of law. WAC 388-76-10120(3)(a)(f). Muresan fails to demonstrate any basis for relief from the final administrative order.

Affirmed.

FOR THE COURT:

Cox, J.

Spearman

Dwyer, J.